IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| SHAWN WALLACE, | ) |
| | ) |
| Plaintiff | ) 1:24-CV-00152-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| PA DEPARTMENT OF | ) |
| CORRECTIONS, *et al*, | ) MEMORANDUM OPINION ON |
| | ) DEFENDANTS' MOTION TO SEVER |
| Defendants | ) AND THE PARTIES' CROSS-MOTIONS |
| | ) FOR SUMMARY JUDGMENT |
| | ) |
| | ) |
| | ) RE: ECF NOS. 49, 64 |
| | ) |

Plaintiff Shawn Wallace ("Wallace") commenced this pro se action against
sixty-three individuals employed at the Pennsylvania Department of Corrections'
State Correctional Institution in Forest County ("SCI-Forest"), where he served a
portion of his sentence of incarceration.[1]  By prior order, the Hon. Keith A. Pesto,
proceeding with the parties' full consent to Magistrate Judge jurisdiction, dismissed
all claims except Wallace's Eighth Amendment claims for excessive force and for
assault and battery under state law.  *See* ECF No. 45.  Pursuant to Judge Pesto's
Order, the Clerk of the Court has terminated all Defendants from the case except the
Department of Corrections, Deal, Haggerty, Bell, Couch, Shelley, Spencer, Minich,

---

[1] Wallace is currently housed at the State Correctional Institution in Houtzdale, Pennsylvania.

Rittenhouse, Richardson, Morres, Termine, Hill, Crowl, and Mowrey (collectively "Corrections Defendants").[2] *Id.*

Discovery has concluded, and Wallace and Corrections Defendants have cross moved for summary judgment. *See* ECF No. 49 (Wallace's motion); ECF No. 64 (Corrections Defendants' motion). Corrections Defendants have also moved to sever claims and Defendants not related to the use of force incident on April 19, 2022. *See* ECF No. 64.

For the reasons discussed herein, Wallace's motion will be DENIED, and Corrections Defendants' motion to sever will be GRANTED, and the Corrections Defendants' motion for summary judgment will be GRANTED as to all claims and Defendants associated with the incident of April 19, 2022.[3] Wallace's unrelated claims will be severed from this action with leave to present them in separate actions.

---

[2] The Court previously dismissed with prejudice all claims against Defendants Maxa, Harry, Little, Barnacle, Radziewicz, Wilson, Alexander, Blicha, Gustafson, Irwin, Mongelluzzo, Oberlander, Avenali, Ferdarko, Rumcik, RNS Smith, CHCA Smith, Fiscus, Dupont, Yount, Walker, Duffy, Kundick, Lowe, Weiland, Dietrich, Moore, Ferguson, Becker, Williams, Beatty, Clark, Adams, Haag, Steele, McCracken, McNaughton, Gaurnieri, Wagonseller, Bullers, Bentley, Moore, Brauer, Deeter, Blum, Carbon, Crose, Deimer, Hollis, Kopchick, and Mohney. All remaining Defendants are corrections officers or other corrections personnel, except Hill. She is a nurse and member of the prison medical staff. Wallace does not name Hill as a Defendant to Count II or III. *See* ECF No. 1-1, ¶ 20. Wallace alleges that Hill should not have cleared him for OC spray due to his asthma and that she inappropriately cut away his clothing during his decontamination prior to the use of force incident on April 19, 2022. *Id.*, ¶ 42.

[3] As noted, the parties have consented to the jurisdiction of a United States Magistrate Judge as authorized by 28 U.S.C. § 636. This case was reassigned from Judge Pesto to the undersigned on January 7, 2026. *See* ECF No. 63.

**The Court will sever all claims based on
incidents unrelated to the incident on April 19, 2022.**

Two counts of Wallace's Complaint remain in this case, Count II and Count III. Count II asserts Eighth Amendment claims based on three distinct incidents of alleged excessive force, each of which occurred six months apart, and each of which involved different prison personnel. Wallace alleges that the first excessive force incident occurred on April 19, 2022, and involved Defendants Haggerty, Shelley, Crowl, Deal, and Rittenhouse. The second alleged use of force incident occurred on October 13, 2022, approximately six months later, and involved Defendants Minich, Spencer, and Richardson. The third incident occurred on April 17, 2023, approximately six months after the second incident, and involved Defendants Spencer, Morres, Termine, Couch, Mowrey, and Bell. Count III asserts assault and battery claims under state law based on the same three use of force incidents.[4]

Corrections Defendants argue that Wallace's claims relating to incidents on October 13, 2022, and April 17, 2023, lack any meaningful nexus to Wallace's April 19, 2022 excessive force claims and should be severed from this action. ECF Nos. 64; 65, p. 11. The Court agrees.

Wallace's Complaint violates both Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. Rule 18 permits "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim [to] join, as independent or alternative claims, as many claims as it has against *an opposing* party." Fed. R. Civ. P. 18(a) (emphasis

---

[4] The Complaint identifies Defendant Hill as a medical provider. Although Judge Pesto did not terminate her as a Defendant, her only alleged role was in providing medical care. She is not alleged to have participated in any excessive force incident.

3

supplied).  It does not permit a claimant to join claims against different parties. Under Rule 20(a)(2), "persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Here, however, no Defendant associated with the April 19, 2022 incident is alleged to have participated in the October 13, 2022 or April 17, 2023 incident.  And each incident upon which the claims are based are factually distinct.  Although Wallace asserts an excessive force claim against each of the three groups of Defendants, each claim is based on a different incident, separated sequentially in time by approximately six months, and each involves a distinct set of facts requiring a separate legal analysis of the factors relevant to the reasonableness of each officer group's use of force.  In summary, the incidents do not involve common Defendants, and no two or more claims arise out of the same transaction, occurrence, or series of transactions or occurrences or involve any question of law or fact common to all Defendants.  As such, Wallace's claims are mis-joined and will be severed.  His claims against Defendants Haggerty, Shelley, Crowl, Deal, Rittenhouse, and Hill arising out of the incident on April 19, 2022, will proceed in this action.  The claims against Defendants Minich, Spencer, and Richardson based on the incident on October 13, 2022, and the claims against Defendants Spencer, Morres, Termine, Couch, Mowrey, Hill, and Bell arising out of the incident on April 17, 2023, must each proceed in a

4

separate action.  Wallace shall be directed to file a complaint as to claims arising out of each such incident, each of which the Clerk of the Court will assign a new docket number.  Each of these two actions shall be deemed to have been commenced on the date Wallace filed this action.

### Wallace failed to exhaust his administrative remedies as to all claims against Defendants Deal, Haggerty, Shelley, Crowl, and Rittenhouse arising out of the incident on April 19, 2022.

Defendants raise five arguments in support of their motion for summary judgment of Wallace's claims arising out of the incident on April 19, 2022: (1) Wallace failed to exhaust his administrative remedies; (2) the DOC is not a proper defendant under § 1983; (3) the use of force was reasonable and necessary to gain Wallace's compliance; (4) Wallace's state law assault and battery claims are barred by sovereign immunity; and (5) Corrections Defendants are entitled to qualified immunity.

Where a defendant asserts a plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), the Court should address this issue before reaching the merits of the case. *See Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (exhaustion is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.") (quoting *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013)) (internal quotations omitted).  As discussed below, no genuine issue of material fact remains regarding Wallace's failure to exhaust his administrative remedies.  Defendants Haggerty, Shelley, Crowl, Deal, Rittenhouse,

and Hill are therefore entitled to judgment as a matter of law, and the Court need not reach the alternative grounds asserted in their motion.

The PLRA requires a prisoner to exhaust available administrative remedies before commencing an action challenging the conditions of his confinement. The PLRA's exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the statute requires "proper exhaustion," meaning that a prisoner's completion of the administrative review process must also satisfy the applicable procedural rules of the prison's grievance system. *Fennell v. Cambria County Prison*, 607 Fed. Appx. 145, 149 (3d Cir. 2015). A procedurally defective administrative grievance, even if pursued to final review, precludes action in federal court. *Id.* Failure to exhaust administrative remedies under the PLRA is an affirmative defense that a defendant must plead and prove. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The grievance system utilized in Pennsylvania's prison system requires inmates to satisfy a three-step grievance and appeals process. *See* Grievance System Policy DC ADM-804; *Smith v. Sec. of Pa. Dept. of Corrections*, 2018 WL 279363, at *2 (W.D. Pa. Jan. 3, 2018). First, the inmate must "legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subject to 'initial review.'" *Smith*, 2018 WL 279363, at *2 (citing *Spruill v. Gillis*, 372 F.3d 218, 233 (3d Cir. 2004)). Second, the initial review must be appealed to the Facility Administrator for a second level of review. *Id.* Finally, "the inmate is required to file

6

an appeal to the Secretary's Office of Inmate Grievances and Appeals ("the Secretary's Office")." *Id*. All three stages of review must be completed before a grievance is deemed administratively exhausted for purposes of the PLRA.

In his responsive concise statement of material facts, Wallace concedes that he did not submit a grievance under DC-ADM 804 concerning the use of force incident on April 19, 2022.[5] ECF No. 76 ¶ 27. He nevertheless asserts that he exhausted his administrative remedies for his claims by initiating an Inmate Abuse Investigation under DC-ADM 001. *Id*.; *see* ECF No. 67-2, generally. DC-ADM 001, however, is not an alternative to DC-ADM 804. *See Prater v. Dep't of Corr.*, 76 F.4th 184, 204 (3d. Cir. 2023). In *Prater*, the Court of Appeals for the Third Circuit "conclude[d] that ADM 804 is the exclusive means of exhaustion" for conditions of confinement claims. *Id*. In reaching this conclusion, the Court emphasized that DC-ADM 001 and DC-ADM 804 serve distinct purposes:

> While ADM 804 creates a formal procedure to resolve problems or other issues of concern arising during confinement, ADM 001 aims to ensure that staff do not subject an inmate to corporal or unusual punishment, or personal abuse or injury. ADM 001 speaks to all who may be privy to inmate abuse—inmates, employees, and all persons and entities who maintain contact with inmates. The policy permits an inmate who is the victim of abuse to report it verbally or in writing to a staff member, complain directly to DOC's Central Office, *or* file a formal grievance pursuant to ADM 804. The fact that ADM 001 does not require a formal grievance to trigger an investigation shows the policy mitigates and provides relief for alleged abuse even when it does not violate legal rights. By contrast, ADM 804 requires an inmate to specify in his

---

[5] On May 5, 2022, Wallace filed Grievance No. 979675 complaining that on April 19, 2022, he had several items of personal property go missing. *See* ECF No. 65-3, p. 5. This grievance included no mention of any excessive force incident or claim. *See id*.

> grievance any alleged violation of department regulations or other law as well as specify the compensation or legal relief the inmate desires. ADM 001 contains no similar requirements, all of which would be necessary to afford an inmate meaningful relief in court.

*Prater*, 76 F.4th at 204.

Because "ADM 804 is the sole procedure for obtaining an adjudicatory decision subject to appeal," the Court reasoned, allowing ADM 001 to serve as an alternative means to exhaust "would nullify the grievance review process outlined by ADM 804." *Id*. The Court further observed that "[w]hile ADM 001 produces investigative reports that may help the ADM 804 process along, among other purposes, it does not replace ADM 804." *Id*. The Court's holding and analysis in *Prater* foreclose Wallace's reliance on ADM 001 to satisfy his PLRA exhaustion obligation. Accordingly, Corrections Defendants' motion for summary judgment based on Wallace's failure to exhaust administrative remedies will be granted, and judgment will be entered in favor of Defendants on Wallace's Eighth Amendment claims arising out of the incident on April 19, 2022.

## Conclusion

For the foregoing reasons, Corrections Defendants' motion to sever and for summary judgment will be GRANTED, and Wallace's motion for summary judgment will be DENIED.

Wallace's claims arising out of the incident on October 13, 2022, against Defendants Minich, Spencer, and Richardson and his claims arising out of the incident on April 17, 2023, against Defendants Hill, Spencer, Morres, Termine,

Couch, Mowrey, and Bell shall be SEVERED from this action, and the Clerk of the Court will be ordered to open two new cases at two separate docket numbers, one with Wallace as Plaintiff and Minich, Spencer, and Richardson as Defendants, and the second with Wallace as Plaintiff and Hill, Spencer, Morres, Termine, Couch, Bell and Mowrey as Defendants.[6]  Within thirty (30) day of the docketing of each new case, Wallace shall (1) file a complaint at each docket number limited to claims against the applicable Defendants, and (2) for each new case, either pay the Clerk's filing fee for each action or file a motion to proceed *in forma pauperis* with required supporting documents.  Wallace's failure to file a new complaint and to either pay the filing fee or move to proceed *in forma pauperis* will be considered an abandonment of his claims in that case and result in the case's dismissal for failure to prosecute.

Summary judgment shall be entered on all remaining claims in this action against Defendants Hill, Haggerty, Shelley, Crowl, Deal and Rittenhouse, and the Clerk will be directed to mark this case closed.

An Order of judgment will issue separately.

DATED this 24th day of March, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[6] Upon the opening of these two actions, the Court will issue an Order in each directing Plaintiff to file an amended complaint limited to allegations and claims against these Defendants in each case and relating to the incident relevant to each case.